NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA NILSEN; ANNA SANDI;
AVERY SNYDER; CARRIE FORD;
CHRISTEN RHODES; DIANE JANSEN;
ERIN BOLAS; GLENA FELKER;
GLORIA TORRES; JESSICA LOPEZ;
JOVY LEGASPI; KATHLEEN
POKORNY; KATHERINE GALANGA;
KRISTI HUGHES; LYNNETTE
MATHIAS; MAILE SIVAKANTHAN;
MELISSA EARL-PATOPEA; MICHELLE
SIZER; PETRA BIGEA; SHANNON
SLISH; SUSAN GROLLER; CRYSTAL
GIBSON,

Plaintiffs - Appellants,

v.

UNIVERSITY OF WASHINGTON, a
governmental agency; JENNIFER
PETRITZ; KRISTI ARAVENA; KATHY
SCHELL,

Defendants - Appellees.

No. 24-7460

D.C. No.
2:23-cv-01498-MJP

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted May 20, 2026
Seattle, Washington

Before: TALLMAN, CLIFTON, and R. NELSON, Circuit Judges.

Former employees of the University of Washington (UW) challenge their discharge and seek reinstatement and damages. In October 2021, they were fired for failure to comply with UW's COVID-19 vaccination policy. They sued UW and two human resources officials (the Individual UW officials), claiming several violations of federal and state law. The district court ruled against them. They appealed. In a concurrently filed opinion, we address Appellants' claims against UW under 42 U.S.C. § 1983. Here we address their other claims, including their § 1983 claims against the Individual UW officials. We review the district court's grant of summary judgment de novo. *Edwards v. Wells Fargo & Co.*, 606 F.3d 555, 557 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

## I

The Individual UW officials are entitled to qualified immunity warranting dismissal of the § 1983 claims against them because Appellants have not shown that they violated any clearly established rights. A right is clearly established only if existing precedent "place[s] the constitutional question beyond debate." *Zorn v. Linton*, 146 S. Ct. 926, 930 (2026) (per curiam) (citation modified). Generally, this requires identifying a case "where an officer acting under similar circumstances was held to have violated the Constitution. . . . The relevant precedent must define the

right with a high degree of specificity, so that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id.* (citation modified). "Principles stated generally . . . do not suffice" to show that a right was clearly established. *Id.*

For their procedural due process, substantive due process, and equal protection claims, Appellants cite cases only for general principles. They fail to identify any case that meets the standard required by *Zorn* to clearly establish a cognizable right. Accordingly, the Individual UW officials are entitled to qualified immunity on these claims.

Appellants come closer on their Free Exercise claim but still fail to meet *Zorn*'s standard. They point to the Supreme Court's decisions in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14 (2020) (per curiam), and *Tandon v. Newsom*, 593 U.S. 61 (2021) (per curiam), to argue that they had a clearly established right to be treated on par with comparable secular activity. This argument fails. *Diocese of Brooklyn* and *Tandon* involved materially different circumstances: occupancy restrictions on communal gatherings, not accommodating unvaccinated employees in healthcare settings. *See Diocese of Brooklyn*, 592 U.S. at 15–16; *Tandon*, 593 U.S. at 63–64. No clearly established law put the Individual UW officials on notice that their actions violated Appellants' constitutional rights.

24-7460

## II

Because qualified immunity "does not provide immunity from a suit seeking . . . injunctive relief," we turn now to Appellants' claims that they were entitled to reinstatement. *Hydrick v. Hunter*, 669 F.3d 937, 939–40 (9th Cir. 2012). Appellants contend that the district court erred by dismissing the § 1983 claims against the Individual UW officials in their official capacities for reinstatement. But Appellants did not sue the Individual UW officials in their official capacities. In their operative complaint, Appellants sued the Individual UW officials only "in their personal capacities" for all causes of action brought under § 1983. Accordingly, they have no official-capacity claims against the Individual UW officials.

## III

The district court did not err in granting summary judgment to UW and the Individual UW officials on Appellants' claims under the Washington Law Against Discrimination, Wash. Rev. Code ch. 49.60. Appellants contend that a report by Dr. Harvey Risch created a genuine issue of material fact regarding whether it would be an undue hardship to retain them with accommodations.

We disagree. Much of the data on which Dr. Risch relied was published after the accommodation decisions were made. There was no indication in the record that UW or the Individual UW officials had this data available to them when the accommodation decisions were made. And UW was able to rely on a special

committee composed of medical experts from the School of Medicine, who offered their expertise to inform UW administrators as to what risks to hospitalized and high-risk patients and staff would be posed if UW failed to vaccinate medical employees in healthcare facilities. Accordingly, Appellants have failed to demonstrate that there was a genuine issue of material fact concerning whether UW and the Individual UW officials reasonably determined that accommodating them would impose an undue hardship based on the information available to them at the time. *See Williams v. Legacy Health*, 174 F.4th 1201, 1206 (9th Cir. 2026) (considering what evidence was available to the employer to determine if the employer satisfied the undue hardship standard).

## IV

In their reply brief, Appellants argue that the district court erred by granting summary judgment on some state law claims, rather than declining to exercise supplemental jurisdiction over those related claims once summary judgment was granted on all federal claims. They did not raise this issue in the district court or their opening brief. Accordingly, that claim has been waived and we decline to address it. *CTIA – The Wireless Ass'n v. City of Berkeley*, 928 F.3d 832, 850 (9th Cir. 2019).

**AFFIRMED.**

24-7460